IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CHRISTOPHER CHAPPELL, # 137810, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civil Action No. 2:15cv303-WKW |
| | ) (WO) |
| LEEPOSEY DANIELS, *et al.*, | ) |
| | ) |
| Respondents. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

This case is before the court on a petition for writ of habeas corpus under 28 U.S.C. § 2254 filed by Alabama inmate Christopher Chappell ("Chappell") on April 29, 2015.[1] Doc. No. 1. Chappell challenges his 1984 guilty plea convictions and resulting life sentence for first-degree rape, first-degree burglary, and second-degree burglary. The respondents argue that Chappell's petition is time-barred by the one-year limitation period applicable to § 2254 petitions, as set forth in 28 U.S.C. § 2244(d). Doc. No. 8. After reviewing the pleadings, evidentiary materials, and applicable law, the court finds that no evidentiary hearing is required and that the § 2254 petition should be denied as untimely.

---

[1] Although Chappell's petition was date-stamped as received in this court on May 6, 2015, it was signed by Chappell as delivered to prison authorities for mailing on April 29, 2015. Under the "mailbox rule," a *pro se* inmate's petition is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack*, 487 U.S. 266, 271-72 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999).

## II. DISCUSSION

<u>The AEDPA's One-Year Limitation Period</u>

Title 28 U.S.C. § 2244(d) of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides the statute of limitations for federal habeas petitions and states:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

On April 11, 1984, Chappell pled guilty in the Circuit Court of Montgomery County to first-degree rape, first-degree burglary, and second-degree burglary. *See* Doc. No. 1 at 1;

Doc. No. 1-1 at 1-2. On that same date, the trial court imposed a sentence of life imprisonment. *Id*. Chappell took no direct appeal.

Section 2244(d)(1)(A) of the AEDPA provides that the one-year limitation period for filing a § 2254 petition begins to run on the date when the time for seeking direct review of the challenged judgment expires. 28 U.S.C. § 2244(d)(1)(A). Because Chappell took no direct appeal, his conviction became final for federal habeas purposes on May 23, 1984, i.e., 42 days after his sentencing. *See* Ala. R. App. P. 4(b)(1); *Bridges v. Johnson*, 284 F.3d 1201, 1202 (11th Cir. 2002)

The AEDPA became effective on April 24, 1996. Thus, Chappell's conviction – which, as noted, became final on May 23, 1984 – became final before enactment of the AEDPA. The Eleventh Circuit has held that "application of the one-year time bar in 28 U.S.C. § 2244(d) to petitions of prisoners, like [Chappell], whose convictions became final long prior to the effective date of the AEDPA . . . 'would be unfair, and impermissibly retroactive.'" *Wilcox v. Fla. Dep't of Corr.*, 158 F.3d 1209, 1211 (11th Cir. 1998) (quoting *Goodman v. United States*, 151 F.3d 1335, 1337 (11th Cir. 1998)). The court has further held that prisoners in this position must be allowed a reasonable period of time after enactment of § 2244(d)'s one-year period of limitation to file their § 2254 petitions, and determined that "a reasonable time" is "one year from the AEDPA's effective date." *Id*. As such, the one-year period for Chappell to file a § 2254 petition commenced on April 24, 1996. Absent a showing of statutory or equitable tolling, the limitation period for a timely § 2254 petition

3

expired on April 24, 1997. Chappell filed his § 2254 petition on April 29, 2015.

## Statutory Tolling

Section 2244(d)(2) of the AEDPA provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." *See* 28 U.S.C. § 2244(d)(2). Chappell filed a Rule 32, Ala. R. Crim. P., petition for post-conviction relief in the trial court on December 5, 2013. *See* Doc. No. 1-1 at 2. The trial court denied the Rule 32 petition on March 6, 2014. *Id*. Chappell appealed, and on November 14, 2014, the Alabama Court of Criminal Appeals affirmed. *Id*. at 1-8. Chappell's filing of the Rule 32 petition in December 2013 did not toll the limitation period under 2244(d)(2), because the Rule 32 petition was filed well after the federal limitation period had expired. *See Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001) (where the state court application for post-conviction relief is filed after the one-year statute of limitations has expired, it does not toll the statute because no time remains to be tolled).

The statutory tolling provisions of 28 U.S.C. § 2244(d)(1)(B)-(D) also do not provide safe harbor for Chappell such that the federal limitation period commenced on some date other than April 24, 1996. There is no evidence that any unconstitutional or illegal State action impeded Chappell from filing a timely § 2254 petition. *See* 28 U.S.C. § 2244(d)(1)(B). Chappell presents no claim that rests on an alleged "right [that] has been newly recognized by the Supreme Court and made retroactively applicable to cases on

collateral review." *See* 28 U.S.C. § 2244(d)(1)(C). Finally, Chappell submits no grounds for relief for which the factual predicate could not have been discovered at an earlier time "through the exercise of due diligence." *See* 28 U.S.C. § 2244(d)(1)(D).

## Equitable Tolling

The federal limitation period "may be equitably tolled" on grounds apart from those specified in the habeas statute "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). *See Holland v. Fla.*, 560 U.S. 631 (2010). "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1286 (11th Cir. 2002).

Chappell appears to argue that he is entitled to equitable tolling because he is uneducated, proceeding *pro se*, and lacked the mental ability to file a timely habeas petition. *See* Doc. No. 1 at 13; Doc. No. 10 at 1-3. A habeas petitioner must allege more than "the mere existence of physical or mental ailments" to invoke the equitable tolling of the limitation period. *See Rhodes v. Senkowski*, 82 F. Supp. 2d 160, 173 (S.D.N.Y. 2000). A petitioner's mental incapacity may support a request for equitable tolling if the petitioner establishes a causal connection between his alleged mental incapacity and his ability to timely file his petition. *Lawrence v. Florida*, 421 F.3d 1221, 1226-27 (11th Cir. 2005). Chappell alleges that, because of his limited mental ability and learning, he relied on help from fellow inmates when filing his habeas petition. Doc. No. 1 at 13. He does not allege

that his mental limitations prevented him from getting such help at a time when his petition would have been timely. Nothing in the record supports a finding that Chappell's alleged mental limitations made it impossible for him to file his federal petition on time. Because he shows no causal connection between his alleged mental limitations and his ability to file a timely petition, Chappell is not entitled to equitable tolling on this basis.

Moreover, as to this claim, as well as his claims that he is uneducated and proceeding *pro se*, Chappell does not establish that he acted diligently in trying to file a timely habeas petition. In particular, Chappell did not file his first state post-conviction petition until December 2013, and he does not allege that he took any steps, prior to that time, to try to pursue his post-conviction remedies. Because he did not act diligently, he is not entitled to equitable tolling. *See Diaz v. Sec'y for Dep't of Corr.*, 362 F.3d 698, 701-02 (11th Cir. 2004).

Furthermore, the law is settled that a petitioner's *pro se* status and ignorance of the law are insufficient grounds on which to toll the limitation period. *See Felder v. Johnson*, 204 F.3d 168, 171-73 (5th Cir. 2000) (ignorance of the law is insufficient rationale for equitable tolling); *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999) (neither "a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling."); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999) ("ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing."); *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998) (equitable tolling not

6

warranted to prisoner claiming he lacked access to federal statutes and case law); *Henderson v. Johnson*, 1 F. Supp. 2d 650, 656 (N.D. Tex. 1998) (claims that petitioner "did not have professional legal assistance [and] 'did not know what to do' . . . are far from the extraordinary circumstances required to toll the statute").

Under the circumstances set forth above, it is evident that the one-year limitation period in § 2244(d) expired on April 24, 1997. Because Chappell did not file his § 2254 petition until April 29, 2015, his petition is time-barred and this court may not address the merits.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for writ of habeas corpus under 28 U.S.C. § 2254 be DENIED with prejudice and this case dismissed because the petition is time-barred by the one-year limitation period in 28 U.S.C. § 2244(d).

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **July 2, 2015**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive, or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); s*ee Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); s*ee also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 18th day of June, 2015.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE