IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CHRISTOPHER CHAPPELL, <br> # 137810, <br> <br> Petitioner, <br> <br> v. <br> <br> LEEPOSEY DANIELS, *et al.*, <br> <br> Respondents. | ) <br> ) <br> ) <br> ) <br> ) CASE NO. 2:15-CV-303-WKW <br> ) [WO] <br> ) <br> ) <br> ) <br> ) |

**<u>ORDER</u>**

On June 18, 2015, the Magistrate Judge filed a Recommendation (Doc. # 11), to which Petitioner Christopher Chappell filed a timely Objection (Doc. # 12). Upon an independent and *de novo* review of those portions of the Recommendation to which objection is made, the Objection is due to be overruled, the Recommendation is due to be adopted, and Mr. Chappell's petition for writ of habeas corpus is due to be dismissed.

In the Recommendation, the Magistrate Judge outlined the temporal requirements of 28 U.S.C. § 2244(d) and found that Mr. Chappell's petition was filed outside the one-year limitation for § 2254 petitions. Further, the Magistrate Judge determined that Mr. Chappell did not provide grounds for statutory or equitable tolling of the one-year limitation sufficient to make his petition timely. Mr. Chappell objects to the Magistrate Judge's Recommendation, arguing that he is entitled to equitable tolling because he was incompetent during the course of his 1984 prosecutions for first-degree rape, first-degree burglary, and second-degree burglary to the extent that he was unable to properly assist his

defense counsel.  Moreover, Mr. Chappell contends that the state court improperly accepted his guilty pleas without first affording him a competency hearing.

The arguments which form the basis for Mr. Chappell's Objection (Doc. # 12) are not new.  Rather, Mr. Chappell argued these points in his Response (Doc. # 10) to Respondents' Answer (Doc. # 8), and the Magistrate Judge appropriately addressed Mr. Chappell's arguments regarding equitable tolling in the Recommendation.  As explained in the Recommendation, Mr. Chappell has failed to show that his delay in filing the present § 2254 petition is the result of his incompetence.  Because Mr. Chappell has not shown a causal connection between his alleged mental incompetence and the untimeliness of the petition, this court is without jurisdiction to address the merits of his challenge.

Accordingly, it is ORDERED as follows:

1. Mr. Chappell's Objection (Doc. # 12) is OVERRULED.

2. The Recommendation (Doc. # 11) is ADOPTED.

3. Mr. Chappell's petition for writ of habeas corpus under 28 U.S.C. § 2254 is DENIED with prejudice and this case is DISMISSED as the petition is time-barred by the one-year limitation period of 28 U.S.C. § 2244(d).

A final judgment will be entered separately.

DONE this 13th day of July, 2015.

                                            /s/ W. Keith Watkins
                                CHIEF UNITED STATES DISTRICT JUDGE